IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOMBARDIER AEROSPACE CORPORATION, | § § § | |
| Plaintiff-counterdefendant, | § § | |
| | § | Civil Action No. 3:12-CV-1586-D |
| VS. | § § | |
| UNITED STATES OF AMERICA, | § § | |
| Defendant-counterplaintiff. | § § | |

MEMORANDUM OPINION
AND ORDER

The April 15, 2015 motion of plaintiff-counterdefendant Bombardier Aerospace Corporation ("BAC") for leave to supplement the complaint and supplement answer to counterclaim and reply is denied, and the April 16, 2015 motion of defendant-counterplaintiff United States of America (the "government") for entry of final judgment is granted.[1]

I

On March 20, 2015 the court filed its memorandum opinion and order granting the government's motion for summary judgment and BAC's motion for summary judgment. *See Bombardier Aerospace Corp. v. United States*, ___ F.Supp.3d ___, 2015 WL 1279513, at *23 (N.D. Tex. Mar. 20, 2015) (Fitzwater, J.) ("*Bombardier I*"). As provided in *Bombardier*

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

*I*, the court is only awaiting submission of a proposed form of judgment before entering a final judgment. The government is to draft a form of judgment for review by BAC's counsel for proper form, and then submit it to the court for consideration. *Id.*[2]

On April 15, 2015 BAC filed its motion for leave to supplement the complaint and supplement answer to counterclaim and reply. BAC seeks leave under Fed. R. Civ. P. 15(d) to supplement its complaint, and under Rules 15(a)(2) and 16(d)(4) to supplement its answer to counterclaim and reply. It maintains that it is requesting leave to add the unfair competitive disadvantage principle as a separate count (separate from the Duty of Clarity), and to add misapplication of penalties under 26 U.S.C. § 6651(a)(2).

In support of pleading the unfair competitive disadvantage principle, BAC posits that, until the Southern District of Ohio issued its January 26, 2015 decision in *NetJets Large Aircraft, Inc. v. United States*, ___ F.Supp.3d ___, 2015 WL 313939 (S.D. Ohio Jan. 26, 2015), BAC was unaware of the grounds to support pleading the unfair competitive disadvantage principle as a separate count. It asserts that it was unaware until the *NetJets* decision that the Internal Revenue Service ("IRS") is prohibited from re-auditing NetJets regarding the application of FET on MMF and FSF, and that the 1992 TAM issued to NetJets has not been withdrawn and continues to provide that NetJets is not required to collect FET on MMF and FSF. BAC contends that "the Motion to Supplement responds to the decision

---

[2]The court concluded that this procedure appeared advisable in case it was necessary to compute sums (such as interest) that had accrued during the pendency of the litigation. *Bombardier I*, 2015 WL 1279513, at *23 n.29.

issued in *NetJets*, and, in particular, that portion of the decision discussing the IRS' legal inability to audit NetJets on this issue until the IRS withdraws its 1992 TAM—a critical fact unknown to Plaintiff until January 26, 2015." P. 4/15/15 Br. 8.

Concerning misapplication of penalties under 26 U.S.C. § 6651(a)(2), BAC requests leave to supplement its answer to counterclaim and reply to include issues regarding the penalties that the IRS has assessed under 26 U.S.C. § 6651(a)(2). BAC contends that § 6651(a)(2) does not apply in this case, or, alternatively, that BAC has the right to assert as a defense that its failure to pay FET was reasonable and not due to willful neglect.

BAC contends that, once its motion is granted, the court should stay the proceedings in this case "while necessary facts unfold regarding the potential finality of relief granted in *NetJets*," P. 4/15/15 Br. 10, and it requests a briefing schedule or the opportunity to file another motion to address any potential issue regarding a stay of proceedings.

On April 16, 2015 the government filed its motion for entry of final judgment.

II

Although the government's motion for entry of final judgment is unnecessary,[3] it is granted.

---

[3]The motion is unnecessary because the court in *Bombardier I* directed the government to present a draft form of judgment for review by BAC's counsel for proper form and for the court's consideration for entry. The government represents in its motion that its counsel presented a draft form of judgment for review by BAC's counsel on April 1, 2015. D. 4/16/15 Mot. 1. A period of 15 days (April 1 to April 16, 2015) was more than reasonable for BAC's counsel to have reviewed the form of the judgment. There should have been no need for the government to incur further delay and move the court to enter a final judgment.

III

The court denies BAC's motion for leave to supplement the complaint and supplement answer to counterclaim and reply.

A

BAC contends that "evidence that the IRS is treating similarly situated taxpayers differently gives rise to this claim." P. 4/15/15 Br. 2. But if BAC was actually unaware until the *NetJets* decision of the grounds for pleading the unfair competitive disadvantage principle as a separate count, the fault lies with BAC. BAC acknowledges in its brief that the unfair competitive advantage principle has been at issue throughout this litigation. *See id.* at 1 ("Throughout this case, Plaintiff raised its competitive disadvantage as part of the Duty of Clarity argument. Defendant raised the unfair competitive disadvantage principle as an affirmative defense in response to the Duty of Clarity and acknowledged there is a competitive disadvantage if NetJets is not required to collect FET on monthly management fees ('MMF') and fuel surcharge.'"); *id.* at 5 ("This issue is intertwined with and previously included in the Duty of Clarity argument."); *id.* ("the unfair competitive disadvantage principle has been a part of this case from the very beginning"). Moreover, BAC was obviously aware of the decision in *Executive Jet Aviation v. United States*, 125 F.3d 1463 (Fed. Cir. 1997), its potential impact on the IRS's collection of FET from NetJets, and the possibility that BAC could develop evidence through the IRS's treatment of NetJets that would support the unfair competitive disadvantage principle. *See, e.g.*, *Bombardier I*, 2015 WL 1279513, at *10 (noting BAC's contention that, "even if *Executive Jet* applies, it

- 4 -

supports BAC's position because the government conceded in *Executive Jet* that FET are not owed on MMF"); *id.* at *11 (noting that one of BAC's six grounds for contending that it is entitled to a refund and abatement of FET on MMF is that "the IRS stipulated in *Executive Jet* that FET did not apply to MMF (which the *Executive Jet* court noted in its opinion), and at no time has the government issued a statement deviating from this position."). Finally, BAC was aware based on the IRS's concession of FET on MMF in its own case that the IRS was relying on the unfair competitive disadvantage principle to concede that no additional FET were owed. The IRS Appeals officer wrote to BAC on March 6, 2007 advising that he was recommending that FET on MMF be conceded in full for the tax periods in question due to the unfair competitive disadvantage principle. The court noted in *Bombardier I* that "there is ample record evidence that the IRS made this concession based on the taxation of MMF paid as part of Executive Jet's fractional interest program (most recently the subject of the *NetJets* case)." *Bombardier I*, 2015 WL 1279513, at *16 n.20. And BAC cites in its brief other summary judgment evidence—provided during discovery in this case—that identifies NetJets as the major competitor whose disparate treatment prompted the IRS to concede FET on MMF. P. 4/15/15 Br. 6. Accordingly, there is no apparent reason why BAC could not have conducted any investigation or taken any additional discovery[4] needed to enable it to

---

[4]BAC asserts that "the critical admission . . . that Plaintiff would be in a competitive disadvantage to NetJets if NetJets did not have to pay FET on MMF, was in the Defendant's files." P. 4/15/15 Br. 5. BAC does not explain why, given the importance of the unfair competitive disadvantage principle as an issue, it could not have discovered this evidence and sought leave to supplement its complaint well before April 15, 2015.

- 5 -

obtain the factual support necessary to plead the unfair competitive disadvantage principle as a separate count long before it filed its April 15, 2015 motion, or why the evidence presented in the summary judgment briefing—which was completed on June 10, 2014—could not have given BAC a basis to request the relief that it now seeks for the first time after the court has decided the summary judgment motions.

Moreover, the only reason BAC's motion is a pre-judgment motion rather than a post-judgment motion is that the court deferred entering a judgment in the case so that sums that had accrued during the pendency of the litigation could be computed. BAC took advantage of this delay to make a motion that it could easily have made before the court issued *Bombardier I* on March 20, 2015. Had the court entered judgment, BAC's motion—which would effectively abrogate the court's summary judgment rulings if granted—would have been evaluated under the Rule 59(e) standard, if not under the Rule 60(b)(2) standard for newly-discovered evidence.

But even if the court assumes *arguendo* that BAC could not have learned of the IRS's position regarding NetJets before the *NetJets* decision was filed, the court still concludes that BAC's motion should be denied.

First, BAC unduly delayed in filing its motion. It was aware of the *NetJets* decision at least by January 27, 2015, when the court issued an order directing the parties to file supplemental briefs stating their positions regarding whether the court should follow *NetJets*, and, if so, how *NetJets* affected the disposition of the parties' summary judgment motions. BAC was aware that, once the supplemental briefing was completed on February 24, 2015,

- 6 -

the court would again take up the parties' summary judgment motions, which had been orally argued on October 31, 2014. But BAC did not file this motion until more than three weeks after the court issued *Bombardier I* on March 20, 2015.

Second, BAC could at least have requested that the court defer its ruling on the summary judgment motions, but it did not. This delay unduly prejudiced the court, which devoted a substantial amount of time to deciding the motions and writing a comprehensive opinion—resources that could have been devoted to several other cases.

In its brief, BAC contends that it specifically addressed the issue of unfair competitive disadvantage principle in its February 10, 2015 supplemental brief, and that it filed that brief, rather than a motion to supplement its complaint, "because this Court issued an order inviting the parties to brief how the decision in *NetJets* affects this litigation." P. 4/15/15 Br. 4. This assertion lacks force. Nothing in the court's order inviting supplemental briefing prevented BAC from filing a motion for leave to supplement its complaint. Indeed, not even the filing of *Bombardier I* on March 20, 2015—a final decision on the merits—has had this deterrent effect on BAC. If anything, the court's January 27, 2015 briefing order created a window for BAC to argue—if it actually had grounds to do so—that it was unaware until the *NetJets* decision of the basis to plead the unfair competitive disadvantage principle as a separate count, and to request that the court abate its summary judgment rulings until the court could consider a motion to supplement the complaint.

BAC also posits that it filed its supplemental brief 78 days before the calendared trial date, and that it "could not have fully pled this issue earlier since it rests primarily upon the

information included in the January 26, 2015 *NetJets* Memorandum and Opinion." P. 4/15/15 Br. 4. The court rejects this contention. The court has already determined that BAC could have become aware through an investigation, discovery, or the summary judgment record of the basis to plead the unfair competitive disadvantage principle as a separate count. BAC could certainly have filed this motion well before it did: several weeks after the court issued *Bombardier I*. And, at a minimum, BAC could have requested that the court defer a ruling based on the *NetJets* decision.

B

Regarding BAC's request to supplement its answer to counterclaim and reply, BAC does not attempt to argue that it only recently became aware of the grounds for this amendment. It acknowledges that the government pleaded for penalties under 26 U.S.C. § 6651(a)(2) in its amended answer and counterclaim, which was filed on November 15, 2012. It is clearly too late for BAC to move to supplement its answer to counterclaim and reply on this basis.

\* \* \*

Accordingly, BAC's motion for leave to supplement the complaint and supplement answer to counterclaim and reply is denied, and the government's motion for entry of final

judgment is granted.

**SO ORDERED**.

April 17, 2015.

                                        _____
                                        SIDNEY A. FITZWATER
                                        UNITED STATES DISTRICT JUDGE